Plaintiff alleges that the Police Jury of East Feliciana Parish, at a meeting held on June 4, 1940, acting under Act No. 8 of the Second Extra Session of 1935, selected her as the official printer of the parish for the period of one year; that she is the editor of the Clinton Watchman, a newspaper published in said parish, and by reason of her selection as official printer, the said newspaper became the official journal of the parish; that under the above mentioned act, her selection required the approval of the State Printing Board; that she possessed all requirements under the law, except the approval of the State Printing Board; that she was unable to secure the approval of said Printing Board for the reason that it had gone out of existence and had ceased to function.
She alleges further that she acted as official printer for said parish from the date of her selection until November 5, 1940, at which time the Police Jury selected J.M. Bardwell, publisher of the East Feliciana Citizen, as official printer of the said parish for the reason that she had not procured the approval of the Printing Board; that she was paid for all services rendered by her as official printer up to the time Bardwell was selected; that said Bardwell was selected under Act No. 156 of 1940, which act attempts to amend Act No. 13 of the Extra Session of 1940. She then attacks the constitutionality of Act No. 156 of 1940 for the reason that Section 4 of Act No. 13 of the Special Session of 1940 is broader than the title of the act and is therefore null and void; that the Legislature could not amend and revive said unconstitutional section by Act No. 156 of 1940. The latter act was also attacked as unconstitutional for the reason that it is discriminatory and class legislation.
Plaintiff prays to be recognized as the official printer of the parish, decreeing the selection of Bardwell to be null and void; that her contract as printer be enforced, and that she continue to serve as official printer until a printer is properly selected and qualified. She also asks that the parish be required to pay her for such printing as should have been given her as the official printer for the parish.
Both defendants, the Police Jury and Bardwell, filed exceptions of no cause or right of action, which were referred to the merits. Answer was filed by the defendants and supplemental pleadings were filed by plaintiff, but as we have come to the conclusion that the exceptions of no cause or right of action should be sustained, we deem it unnecessary to outline these pleadings or discuss the evidence in the case. Suffice it to say that the trial judge rendered a judgment of non-suit against the plaintiff, reserving to her the right to proceed against the Police Jury for such amount as may be due her as official printer for the year beginning June 4, 1940, less such amount as has been paid her. The plaintiff and both defendants have appealed from this judgment.
According to plaintiff's petition, the theory under which she seeks relief is that she was selected as official printer under Act No. 8 of the Second Extra Session of 1935, which act was in force at the time, Act No. 13 of the Extra Session of 1940 being unconstitutional, null and void; that, while her selection was not approved by the State Printing Board as required by the 1935 act, yet she had been selected by the Police Jury in 1938 and her selection at that time was approved by the Printing Board; that, as she had been selected at the June meeting of the Police Jury in 1939 and 1940 and had served without the approval of the Printing Board, she had a right to continue to serve until a printer was properly selected and qualified; that Bardwell was not properly selected, as he was selected under Act No. 156 of 1940, which act is unconstitutional for the reasons *Page 701 
set out in her petition. For these reasons, she has a right to continue as the official printer under her original and subsequent selections, the last of which was in June, 1940, for the ensuing year.
From these allegations of her petition, it is obvious that plaintiff has no right to be recognized as the official printer of East Feliciana Parish nor has she any right to collect any pay as such after the selection of Bardwell in November, 1940, if the selection of the latter was legal and proper. By her own petition, she admits that she has been paid for all services rendered up to the time Bardwell was selected, and she claims a right to continue as official printer after that time only because Bardwell was not properly selected. It therefore follows that, if Bardwell was legally selected in November, 1940, she has shown no right or cause of action by the allegations of her petition.
While the petition does allege in the alternative that, if Act No. 156 of 1940 and Act No. 13 of the Extra Session of 1940 are held to be constitutional, the selection of said Bardwell was illegal for the reason that these acts require that the official printer be the editor or owner of a newspaper, yet there is no allegation made that Bardwell is not the editor or owner of a newspaper published and printed in a plant located in the parish. So that the only attack on the legality of Bardwell's selection is the unconstitutionality of the act under which he was selected, Act No. 156 of 1940.
Act No. 8 of the Extra Session of 1935 amended Section 22 of Act No. 141 of 1912, as amended by Act No. 201 of 1928, relating to the selection of an official printer annually by police juries and other governing authorities, and, among other things, required that the selection be approved by the State Printing Board. Section 4 of Act No. 13 of the Extra Session of 1940 undertook to change this law by eliminating the requirement that the selection of the official printer should be approved by the Printing Board and by adding other requirements, one of which was that the printer should be a qualified elector of the parish and should be the editor or owner of an established newspaper published and printed in a newspaper plant actually and physically located in the parish. No reference was made in the title of said Act No. 13 to the provisions contained in Section 4, and for that reason, all parties agree that this section of the act was clearly unconstitutional, being in direct contravention of Article 3, Section 16, of the Constitution, which provides that every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.
At the regular session of the Legislature of 1940, Act No. 156 was passed for the purpose, as stated in the title, of amending and re-enacting the title and Section 4 of Act No. 13 of the Extra Session held in January, 1940. It is contended that, as Section 4 of said Act No. 13 of the Extra Session was null and void, the Legislature could not revive and bring into life a law that never existed by amending and re-enacting the title of the act and Section 4 thereof as was attempted to be done by Act No. 156. This contention is without merit. There is nothing to prevent the Legislature from amending and re-enacting a defective title of an act and amending and re-enacting a section of the act which is illegal because of a defective title, where the amending law sets out in full the amended title and amended section, as was done in Act No. 156 of 1940.
The other ground urged against the constitutionality of this act, that it is discriminatory and class legislation, is likewise without merit. It is claimed that the act is discriminatory and amounts to class legislation because the official printer is required to be a qualified elector of the parish and be the editor or owner of an established newspaper published and printed in a plant actually and physically located in the parish. We see no discrimination or class legislation in this requirement or qualification on the part of the official printer of the parish. Any elector who is the editor or owner of an established newspaper actually published and printed in a plant located in the parish would be qualified. There could be a half dozen or more qualified and eligible for selection as official printer. Obviously, there is good reason for requiring that the official organ of the parish be published and printed within the parish, such as convenience, greater publicity, greater care and interest on the part of the printer, etc. All those similarly situated and qualified have equal privilege and opportunity. See 16 C.J.S., Constitutional Law, page 998 et seq., § 505 (2); 12 Am.Jur. p. 140, Section 476. *Page 702 
For the reasons herein assigned, it is ordered that the judgment appealed from be amended and revised; and it is now ordered that the exceptions of no cause or right of action filed by the defendants be and the same are hereby sustained, and plaintiff's suit is dismissed at her costs in both courts.